UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-62239-CIV-SINGHAL

HENRY RODRIGUEZ DIAZ,

     Petitioner,

v.

MARKWAYNE MULLIN, Secretary, U.S.
Department of Homeland Security, *et al.*,

     Respondents.

_____/

## **ORDER**

**THIS CAUSE** is before the Court upon Petitioner's Petition for Writ of Habeas Corpus (the "**Petition**").  (DE [1]).  Petitioner is a Honduran citizen who entered the United States without inspection in April 2003.  *Id.* ¶¶ 1–2.  Immigration authorities took Petitioner into custody on August 11, 2026—just two days ago.  *Id.* ¶ 29.  The following day, Petitioner filed the instant Petition as an "Emergency," *id.* at 1, seeking his immediate release or, alternatively, a bond hearing, *id.* ¶ 9.

But there's a problem.  The Petition reads as though Petitioner believes Respondents *will* deny him a bond hearing, not that they *have* denied him a bond hearing. Indeed, the Petition conspicuously omits any indication that Petitioner moved for custody redetermination.  *See generally id.*  That Petitioner failed to request a custody redetermination (or obtain a disposition on same) before filing this Petition is unsurprising, because Petitioner filed this Petition the day after he was detained.  Because Petitioner has apparently not yet requested a custody redetermination nor been denied any legal right, he has failed to identify an injury.  And without an injury, there is nothing for this Court to remedy.  Accordingly, the Petition is due to be denied.

Furthermore, Petitioner abuses this Court's emergency procedures.  Not only does Petitioner ask this Court to order Respondents to do what he has apparently not himself asked them to do, but also he filed his Petition as an "Emergency" without identifying any emergent circumstances.  As counsel surely knows, "[w]hen a party labels a motion an emergency, the Court drops everything it is working on (like criminal cases, temporary restraining orders, and other time-sensitive matters) to handle the filing."  *In re Yormak*, 2020 WL 3574516, at *1 (M.D. Fla. July 2, 2020).  "For that reason, improperly designating a motion as an emergency is sanctionable conduct."  *Id.*  Petitioner identifies no imminent risks to himself or others that require emergency consideration, *see VMR Prods., LLC v. Elec. Cigarettes Outlet, LLC*, 2013 WL 5567320, at *1 (S.D. Fla. Oct. 3, 2013), nor that this matter will be moot within seven days, *see* S.D. Fla. L.R. 7.1(d)(1) ("Generally, unless a motion will become moot if not ruled on within seven (7) days, the motion should not be filed as an emergency motion.").  The Petition does not even include the required emergency certification.  *See* S.D Fla. L.R. 7.1(d)(1).

Nevertheless, the Court and its administrative personnel have spent a substantial portion of the morning resolving not only what is an evidently meritless Petition, but also on an emergency basis.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that:

1. The Petition (DE [1]) is **DENIED**;

2. Petitioner and attorney Eduardo R. Soto are **ORDERED TO SHOW CAUSE** by **August 18, 2026,** why they should not be sanctioned for improperly filing the Petition as an emergency.

3. The Clerk of Court is directed to **CLOSE** this case, **CANCEL** all hearings and deadlines, and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 13th day of August 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF